IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALANKA HOUSTON-HINES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3539 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL | § | |
| DISTRICT, *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

By Memorandum and Order [Doc. # 56] and Final Judgment [Doc. # 57] entered April 5, 2006, the Court entered summary judgment in favor of Defendants Houston Independent School District ("HISD") and Lynson Alexander. The case is now before the Court on HISD's Bill of Costs [Doc. # 58] and Alexander's Bill of Costs [Doc. # 60]. Plaintiff filed a Response [Doc. # 61] to HISD's Bill of Costs, and HISD filed a Reply [Doc. # 62]. Based on the Court's review of the record in this case and the application of controlling legal authorities, the Court grants Defendants' requests for costs.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs, other than attorneys' fees shall be allowed as of course to the prevailing party unless the district court otherwise directs . . . ." FED. R. CIV. P. 54(d)(1). "Rule 54(d)(1) contains

a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, __ F.3d __, 2006 WL 1195989, * 8 (5th Cir. May 5, 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). The Fifth Circuit has held that "'the prevailing party is prima facie entitled to costs,' and has described the denial of costs as 'in the nature of a penalty.'" *Id.* (quoting *Schwarz*, 767 F.2d at 131). Therefore, the "general discretion conferred by Rule 54(d)(1) has been circumscribed by the judicially-created condition that a court may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Id.* (reversing district court's denial of costs to prevailing party) (internal quotations omitted). Reasons for denying costs to the prevailing party include:

> (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.

*Id.* The losing party's good faith, alone, is insufficient to warrant a denial of costs to the prevailing party. *Id.* at * 9.

In this case, as the prevailing parties, Defendants are entitled to recover at least some of their costs in this case. Defendants seek to recover their court reporter fees and their copying costs, which do not appear unreasonable. Plaintiff has not objected to either element of Defendants' Bills of Costs, or to the total amount. There was no

misconduct by Defendants during this case, the legal issues were neither close nor difficult, any benefit to the public was significantly less than "substantial," and there is no evidence that HISD or Defendant Alexander has enormous financial resources. Defendants therefore are entitled to recover costs — at least to some extent.

Plaintiff objects to the award and submits the affidavit of her attorney, Reginald McKamie. Mr. McKamie represents that Plaintiff is "an unemployed, mother of three children" and that she does not have sufficient financial resources to pay Defendants' costs. *See* Affidavit of Reginald E. McKamie, Sr., attached as an exhibit to Plaintiff's Response. Plaintiff personally has not presented any evidence to support her assertion of poverty.

Plaintiff's financial condition is pertinent to a decision about whether to reduce the award of Defendants' costs. The Court, however, does not deem an affidavit of counsel admissible evidence of Plaintiff's financial circumstances. While counsel states that the affidavit is made on "personal knowledge," there is no indication in the affidavit how *counsel* would have such knowledge other than by Plaintiff so informing him. It thus appears to the Court that the affidavit is based on inadmissible hearsay. Accordingly, the Court will consider Plaintiff's financial circumstances if and only if Plaintiff submits admissible evidence in the form of a financial disclosure affidavit in

the form used in this district for appointment of counsel under the Criminal Justice Act.[1]

Accordingly, it is hereby

**ORDERED** that Defendant HISD shall recover from Plaintiff its taxable costs in the amount of **$5,673.66** and Defendant Alexander shall recover from Plaintiff his taxable costs in the amount of **$4,864.16,** *unless* Plaintiff submits a fully completed financial affidavit by **May 23, 2006**, with a courtesy copy delivered to chambers by that same date. If Plaintiff timely submits such an affidavit, the Court will consider that evidence in making its final award of costs.

SIGNED at Houston, Texas, this **9th** day of **May, 2006**.

_____
Nancy F. Atlas
United States District Judge

---

[1] A copy of the form is available from the Clerk of Court.