IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALANKA HOUSTON-HINES, | § | |
| Individually and a/n/f of Candace | § | |
| Kindle-Jones, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3539 |
| | § | |
| HOUSTON INDEPENDENT | § | |
| SCHOOL DISTRICT, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

By Memorandum and Order [Doc. # 56] and Final Judgment [Doc. # 57] entered April 5, 2006, the Court entered summary judgment in favor of Defendants Houston Independent School District ("HISD") and Lynson Alexander. By Memorandum and Order entered May 10, 2006 ("May 10 Opinion") [Doc. # 63], the Court granted HISD's and Alexander's taxable costs.[1] The case is now before the Court on Plaintiff's Motion to Reconsider the Award of Defendants' Bill of Costs ("Motion to Reconsider") [Doc. # 64], to which HISD filed a Response [Doc. # 65]. The Court

---

[1] Plaintiff filed a Response to HISD's Bill of Costs [Doc. # 61], but did not file a similar objection to Alexander's Bill of Costs.

grants Plaintiff's Motion to Reconsider to the extent that the amount of HISD's costs is reduced.

As discussed in the Court's May 10 Opinion, Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs, other than attorneys' fees shall be allowed as of course to the prevailing party unless the district court otherwise directs . . .." FED. R. CIV. P. 54(d)(1). "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, __ F.3d __, 2006 WL 1195989, * 8 (5th Cir. May 5, 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). The Fifth Circuit has held that "'the prevailing party is prima facie entitled to costs,' and has described the denial of costs as 'in the nature of a penalty.'" *Id.* (quoting *Schwarz*, 767 F.2d at 131). Therefore, the "general discretion conferred by Rule 54(d)(1) has been circumscribed by the judicially-created condition that a court may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Id.* (reversing district court's denial of costs to prevailing party) (internal quotations omitted). Reasons for denying costs to the prevailing party include:

> (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.

*Id.*

In this case, Plaintiff argues that she has limited financial resources and that HISD's financial resources are enormous. The Court has reviewed Plaintiff's financial affidavit, in which Plaintiff states that she is unemployed, that her spouse from whom she is separated is employed but she does not know how much he earns, that she has four children, and that her monthly expenses exceed $1,500.00 per month. The Court has also reviewed the limited financial information that Plaintiff submitted from HISD's website. That information indicates that HISD's total general fund expenditures in 2005-2006 exceed its total general fund revenue by almost $44-million.

Because of Plaintiff's limited financial resources, the Court concludes that the amount of costs awarded to HISD should be reduced to $3,801.00. Accordingly, it is hereby

**ORDERED** that Defendant HISD shall recover from Plaintiff its taxable costs in the amount of **$3,801.00** and Defendant Alexander shall recover from Plaintiff his taxable costs in the amount of **$4,864.16**.

SIGNED at Houston, Texas, this **20th** day of **June, 2006**.

_____
Nancy F. Atlas
United States District Judge